Filed 7/3/14  GetFugu v. Boggs CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GETFUGU, INC., et al., | B235138 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC444530) |
| v. | |
| PATTON BOGGS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, David L. Minning, Judge.  Reversed and remanded with directions.

McKenna Long & Aldridge, Charles A. Bird and Theona Zhordania; Shepard Mullin Richter & Hampton and Theona Zhordania for Plaintiffs and Appellants.

Robie & Matthai, Edith R. Matthai, Kyle Kveton and Natalie A. Kouyoumdjian for Defendants and Respondents.

Plaintiffs and appellants GetFugu, Inc. (GetFugu), Carl Freer (Freer) and Richard Jenkins (Jenkins) (collectively, Plaintiffs) appeal an order awarding $120,000 in attorney fees to defendants and respondents Patton Boggs, LLP (Patton or the Patton firm), Richard J. Oparil (Oparil), Cummins & White LLP (Cummins or the Cummins firm) and Iman Reza (Reza) (collectively, the Attorney Defendants) after they prevailed on a special motion to strike (Code Civ. Proc., § 425.16).[1]

In the prior appeal in this matter, *GetFugu, Inc. v. Patton Boggs LLP* (2013) 220 Cal.App.4th 141 (*GetFugu I*), this court partially reversed the trial court's order granting the special motion to strike. We reversed with respect to a cause of action by GetFugu and Freer against Oparil and Patton for defamation based on a March 22, 2010 press release; in all other respects the order granting the special motion to strike was affirmed. However, the partial reversal requires the trial court to revisit the issue of attorney fees.

Therefore, the attorney fee order is reversed with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The operative complaint*.

Following a shareholder lawsuit against GetFugu, Freer and Jenkins, they filed this action against two attorneys and their law firms for malicious prosecution and defamation.

On September 20, 2010, GetFugu, Freer and Jenkins, filed the operative first amended complaint against the Attorney Defendants, alleging causes of action for malicious prosecution and defamation.

2. *Special motion to strike*.

On November 22, 2010, the Attorney Defendants filed a special motion to strike the first amended complaint. The moving papers asserted, inter alia, the complaint was subject to a special motion to strike because it was based upon petitioning activity and

---

[1]     All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

statements made by Oparil in anticipation of, or in connection with, an issue pending before an official proceeding. Further, because the anti-SLAPP statute was implicated, the burden shifted to Plaintiffs to demonstrate a probability of prevailing on their claims against the Attorney Defendants.

With respect to the merits, the Attorney Defendants argued Plaintiffs were incapable of prevailing on the defamation claim because the allegedly defamatory statements and writings were shielded by the litigation privilege (Civ. Code, § 47, subd. (b)), and in any event, either were truthful or consisted of non-actionable opinion. They also contended Plaintiffs were incapable of prevailing on the malicious prosecution claim because they could not show a favorable termination of the underlying action.

3. *Trial court's ruling granting special motion to strike*.

On January 20, 2011, the matter came on for hearing. After taking the matter under submission, the trial court granted the Attorney Defendants' special motion to strike, with respect to *both* the malicious prosecution claim and the claim for defamation.

The trial court noted Plaintiffs' concession that their cause of action for malicious prosecution was defective. In granting the special motion to strike with respect to the malicious prosecution claim, the trial court cited Plaintiffs' admission that " 'there has not yet been a "favorable termination" of the underlying action.' "

As for the defamation claim, the trial court ruled Plaintiffs could not show they were capable of prevailing because the defamation claim was barred by the litigation privilege. Further, " 'the documents directly attributable to the moving defendants [a press release and a Tweet] are not defamatory but accurate notifications of RICO claims and a restatement of the allegations in general form.' "

On March 21, 2011, GetFugu, Jenkins and Freer filed notice of appeal from the January 20, 2011 order granting the Attorney Defendants' special motion to strike.

4. *Fee award to Attorney Defendants following the grant of their special motion to strike.*

On May 5, 2011, during the pendency of the prior appeal, the Attorney Defendants filed a motion for an award of attorney fees and costs, on the ground they

3

were entitled to such recovery as the prevailing defendants on a special motion to strike. (§ 425.16, subd. (c).)

On August 3, 2011, the trial court granted the motion and directed the Plaintiffs to pay $120,000 to the Attorney Defendants within 10 days.

On August 11, 2011, GetFugu, Jenkins and Freer filed notice of appeal from the attorney fee order, which is the subject of the instant appeal. We stayed the briefing of the attorney fee appeal pending the final outcome of the appeal from the order granting the special motion to strike.

5. *The previous appeal; partial reversal of order granting special motion to strike.*

In *GetFugu I, supra*, 220 Cal.App.4th 141, decided in October, 2013, this court reversed the order granting the special motion to strike *solely with respect to the cause of action by GetFugu and Freer as against Oparil and Patton for defamation based on the March 22, 2010 press release.*[2] We determined the press release was not shielded by the litigation privilege and that the evidence was in conflict as to whether the gist of the press release was true. Therefore, the defamation claim by GetFugu and Freer, insofar as it was based on the press release, possessed sufficient merit to withstand the special motion to strike. (*Id*. at pp. 152-154.)

Unlike the press release, the Tweet by Oparil was merely nonactionable opinion, and therefore Plaintiffs were incapable of prevailing on that aspect of the defamation claim. (*GetFugu, supra*, 220 Cal.App.4th at pp. 155-156.)[3]

As for Jenkins, the order granting the special motion to strike was affirmed in full. We concluded Jenkins failed to meet his burden to show his defamation claim had any

---

[2] "The gist of the press release [was] that the FBI was conducting a *criminal investigation* of GetFugu's Freer, independent of [a] civil RICO suit . . . ." (*GetFugu, supra,* 220 Cal.App.4th at p. 154.)

[3] The Tweet by Oparil, in its entirety, stated as follows: " 'GetFugu runs an organization for the benefit of its officers and directors, not shareholders and employees. The RICO suit was not frivolous. The 500K lawsuit is frivolous, however, so buyer be wary.' " (*GetFugu I, supra*, 220 Cal.App.4th at p. 156.)

merit; the March 22, 2010 press release by Oparil did not mention Jenkins. (*GetFugu I, supra*, 220 Cal.App.4th at p. 152, fn. 11.)

As for Oparil and Patton's codefendants, namely, Reza and Cummins, the order granting the special motion to strike was affirmed in full; none of the allegedly defamatory statements on which Plaintiffs relied was attributed to Reza or Cummins. (*GetFugu I, supra,* 220 Cal.App.4th at p. 150.)

Lastly, the trial court's grant of the special motion to strike with respect to the cause of action for malicious prosecution was not raised on appeal. Plaintiffs limited their appeal from the order granting the special motion to strike to the viability of their defamation claim. (*GetFugu I, supra*, 220 Cal.App.4th at p. 147, fn. 7.)

Following the issuance of *GetFugu I*, the parties filed their briefs in the instant appeal from the attorney fee order, addressing the impact of *GetFugu I* on this matter.

## CONTENTIONS

In their opening brief, Plaintiffs contend that in light of *GetFugu I*, this court should direct the trial court to deny attorney fees to Patton and Oparil against GetFugu and Freer, and the trial court should be directed to reconsider all other awards in light of the fees actually incurred by the defendants to the extent of their success against particular plaintiffs. In their reply brief, Plaintiffs request "a summary reversal setting the attorney fee matter at large in superior court."

## DISCUSSION

1. *Appealability of attorney fee order.*

The trial court's January 20, 2011 order granting the special motion to strike, which effectively disposed of the entire case, amounted to a final judgment. Therefore, the August 3, 2011 order awarding attorney fees to the Attorney Defendants is appealable under section 904.1, subdivision (a)(2), as a postjudgment order. (*Melbostad v. Fisher* (2008) 165 Cal.App.4th 987, 994-996.)

5

2. *Impact of <u>GetFugu I</u> on Attorney Defendants' right to attorney fees and costs.*

The controlling statute, section 425.16, states in relevant part at subdivision (c) that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Therefore, the Attorney Defendants are entitled to recover attorney fees and costs insofar as they prevailed on their special motion to strike.

a. *Reza and Cummins were fully successful on special motion to strike and therefore are entitled to recover statutory attorney fees and costs.*

Two of the Attorney Defendants, Reza and Cummins, fully prevailed on the special motion to strike. They defeated both the malicious prosecution and the defamation claims of GetFugu, Jenkins and Freer.

Therefore, Reza and Cummins are entitled to recover their reasonable attorney fees and costs as against GetFugu, Jenkins and Freer.

b. *Oparil and Patton were partially successful on the special motion to strike, entitling them to a partial recovery of attorney fees and costs.*

Oparil and Patton were fully successful as against Jenkins. They successfully moved to strike both of Jenkins's causes of action -- malicious prosecution and defamation. Therefore, Oparil and Patton are entitled to recover their reasonable attorney fees and costs as against Jenkins.

Oparil and Patton also are entitled to recover reasonable attorney fees and costs as against GetFugu and Freer insofar as Oparil and Patton successfully moved to strike GetFugu and Freer's cause of action for malicious prosecution.

Following the issuance of *GetFugu I*, the sole surviving claim is the cause of action by GetFugu and Freer against Oparil and Patton for defamation. Therefore, Oparil and Patton are not entitled to recover attorney fees attributable to GetFugu and Freer's defamation claim.

6

**DISPOSITION**

The August 3, 2011 order is reversed and the matter is remanded for further proceedings consistent with the principles set forth in section 2 of the Discussion portion of this opinion.  Each party shall bear its own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:


CROSKEY, J.


KITCHING, J.